UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DEXTER DAVIS and PHYLLIS DAVIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 03-2309 (RWR) |
| v. | ) | |
| | ) | |
| ANN M. VENEMAN, | ) | |
| Secretary of Agriculture, | ) | |
| | ) | |
| STEVE DOOLEY and REESE TRAYLOR, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

<u>MEMORANDUM</u>

Currently pending in the above-captioned case is Defendants' Renewed Motion to

Dismiss Plaintiffs' First Amended Complaint.  This motion has been assigned to the

undersigned by consent.  <u>See</u> May 18, 2006 Order.  In their opposition brief, Plaintiffs

consented to dismissal of all of their claims except for claims arising under the Equal

Credit and Opportunity Act ("ECOA"), and their breach of contract claims.  <u>See</u>

Plaintiff[s'] Response and Brief in Opposition to Defendants' Renewed Motion to

Dismiss (Dec. 13, 2004) ("Opp."), at 1.

I.      **Background**

Plaintiff Dexter Davis is an African-American farmer living in East Carroll Parish,

Louisiana with his African-American wife, plaintiff Phyllis Davis.[1]  See First Amended

Complaint ("Compl.") ¶¶ 6; 14.  Davis tried unsuccessfully to obtain loans from the U.S.

Department of Agriculture ("USDA") through the currently titled Farm Service Agency

("FSA") loan program.  In 1989 Davis filed his first administrative discrimination

complaint on the ground that loans were denied to him based on his race.  See id. ¶ 16.

According to Davis, "[i]n his communications with FSA loan officials, [Davis] was

subjected to dehumanizing discrimination.  He was also intentionally excluded from loan

programs by USDA officials simply because he was black.  Plaintiffs continued to be

subject to discrimination from 1998 to the present."  See id. ¶¶ 18-19.  Plaintiffs filed

another administrative suit in 1995.

On March 11, 1998, in response to plaintiffs' discrimination complaints, the

USDA and plaintiffs reached a settlement agreement.  The parties agreed that USDA

would pay plaintiffs $114,000, but only to settle allegations regarding USDA's conduct

from 1995 to 1998; the settlement had no effect on any claims arising before 1995.  As

the Settlement Agreement stated:

> [Both parties agree that] this settlement is only a settlement of Mr. and Mrs.
> Davis' claims for relief for the years 1995 though 1998 that were raised in
> Mr. and Mrs. Davis' November 13, 1995 discrimination complaint.  The
> parties further agree that this agreement does not waive Mr. and Mrs.
> Davis' right to file an action for compensatory damages against USDA as to
> events between the years 1988 through 1994 that were the subject of their
> November 13, 1995[] discrimination complaint.  Accordingly, USDA

---

[1]Because the Amended Complaint primarily refers to Dexter Davis as the aggrieved party,
"Davis" will be used in this memorandum to refer to him.

agrees that it will not use this agreement to defend such an action by Mr.
and Mrs. Davis concerning the events between the years 1988 through 1994
that were the subject of their November 13, 1995[] discrimination
complaint; <u>however, USDA reserves the right to raise any and all other</u>
<u>affirmative defenses available to it in [] a court action</u>. . . This paragraph is
intended only to reserve Mr. and Mrs. Davis' right to file an action for
compensatory damages against USDA for events between the years 1988
and 1994 that were the subject of their November 13, 1995[] discrimination
complaint.

United States Department of Agriculture Resolution Agreement - Dexter and Phyllis

Davis (Mar. 3, 1998) (Compl. Ex. A) (the "Agreement") ¶ 9 (emphasis added).  Plaintiffs

appear to argue that the USDA failed to adhere to the Agreement, although the basis for

this argument is unclear.  <u>See</u> Compl. ¶ 32.  Plaintiffs concede that the USDA paid

plaintiffs "approximately $150,000" in accordance with the Agreement.  <u>Id.</u> ¶ 31.

However, plaintiffs allege that the USDA "refused, pursuant to paragraph #9 [of the

Agreement], to compensate Plaintiffs for their damages, in accordance with the Congress'

extension of the limitations period of the ECOA."  <u>Id.</u> ¶ 31.

       The ECOA provides that it is "unlawful for any creditor to discriminate against

any applicant, with respect to any aspect of a credit transaction . . . on the basis of race,

color, religion, national origin, sex or marital status, or age."  15 U.S.C. § 1691(a).  The

normal statute of limitations for ECOA claims is two years.  However, in 1998 Congress

created an exception to the two-year bar for individuals who filed an "eligible"

administrative complaint.  <u>See</u> Omnibus Consolidated and Emergency Supplemental

Appropriations Act of 1999, 112 Stat. 2681 (Oct. 21, 1998) § 741 ("1999 Act").  Under

this statute, the two-year limitations ban on discrimination complaints does not apply to individuals who (a) filed administrative discrimination complaints with the USDA between January 1, 1981 and July 1, 1997, and (b) filed civil actions by October 21, 2000 (within two years of the statute), or within 180 days of a final agency decision denying an administrative complaint.

On June 1, 2000, and July 3, 2001, Davis filed additional administrative discrimination and retaliation complaints against USDA.  See Compl. ¶¶ 34; 36.  On April 30, 2003, an Administrative Law Judge dismissed these claims on the ground that plaintiffs' complaint was not "eligible" within the meaning of the 1999 Act because they did not file a complaint on or before July 1, 1997.  See Mot. Ex. A.

## II.    Defendants' Motion to Dismiss

For the following reasons, defendants' motion to dismiss is granted on the grounds that plaintiffs failed to state a claim, plaintiffs' ECOA claims are time-barred, and plaintiffs' contract claims against the government can only be brought in the federal Court of Claims.  This court does not reach defendants' additional arguments on support of their motion.

### A.    Failure to State a Claim

Defendants persuasively contend that plaintiffs' complaint does not allege any specific facts to support their claims.  Although plaintiffs argue at length about USDA's history of racial discrimination, they do not cite any particular instances of discrimination

against plaintiffs individually.  For example, although plaintiffs allege that they were denied loans based on their race, they do not specify any loans that they applied for but were denied, or argue that they were otherwise qualified to receive these loans.

Their breach of contract claim is equally difficult to discern.  They seem to argue that the Agreement allowed them to sue based on conduct from 1988 to 1994, but that defendants broke this promise by arguing that their claims are time-barred.  As explained above, the Agreement expressly states that defendants did not waive any affirmative defenses as to any 1988 - 1994 claims.  Moreover, although the Agreement *allows* plaintiffs to sue, it does not presuppose liability, as plaintiffs are suggesting.  Plaintiffs do not provide any other coherent basis for finding that defendants failed to meet their obligations under the Agreement.

In sum, plaintiffs' complaint fails to put defendants on notice as to the specific conduct that would establish liability.  For that reason, plaintiffs' complaint is dismissed.

**B.     ECOA Claims Are Time-Barred**

Defendants also maintain that plaintiffs' ECOA claims are time-barred.  ECOA provides that plaintiffs must bring a civil action within two years "from the date of the occurrence of the violation."  <u>See</u> 15 U.S.C. § 1691a(e).  Plaintiffs respond that their claims are timely because Congress waived the two-year limitation in the 1999 Act.

In this case, plaintiffs did not file their civil action until November 7, 2003 – several years after the alleged discriminatory conduct occurred.  Moreover, an

Administrative Law Judge has already determined that plaintiffs' complaint is subject to the two-year statute of limitations because it was untimely and therefore not "eligible" within the meaning of the 1999 Act so as to waive the statute of limitations. Although plaintiffs have the right under the 1999 Act to challenge this determination, they did not do so in their complaint.

The only substantive response from plaintiffs in their opposition brief is to argue, for the first time, that it seeks judicial review of the decision by the USDA's Administrative Law Judge. Plaintiffs provide no argument for why or how the ALJ erred, however, and this court cannot sua sponte evaluate an agency's determination in this regard – particularly when it was not properly pled in the complaint.

Regarding hypothetical claims arising after 1998, plaintiffs fail to identify any dates when the alleged discrimination occurred. Liberally construed, plaintiffs' administrative complaints – filed on June 1, 2000 and July 3, 2001 – represent the latest date for discriminatory acts. Even that date, however, is more than two years before the filing of this lawsuit, on November 7, 2003. These claims too are time-barred.

### C.     Plaintiffs' Breach of Contract Claim

Defendants also argue that, under the Tucker Act, any breach of contract claim against the government is properly brought only before the Court of Federal Claims, which has *exclusive* jurisdiction over any claim for breach of contract exceeding $10,000. See Waters v. Rumsfeld, 320 F.3d 265, 270 (D.C. Cir. 2003). A settlement agreement is

a contract within the meaning of the Tucker Act.  See Shaffer v. Veneman, 325 F.3d 370,

372 (D.C. Cir. 2003).  Consequently, this court lacks jurisdiction to consider any claim

against the government based on a violation of the 1998 Agreement.  Plaintiffs, by their

silence, concede this point in their opposition brief.

**III.    Conclusion**

For the foregoing reasons, an Order accompanying this memorandum grants

defendants' motion to dismiss, and dismisses plaintiffs' complaint.


/s/

Louis F. Oberdorfer
UNITED STATES DISTRICT JUDGE


Dated: July 17, 2006